# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLINTON A. VERNON, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 10-106-FHS-SPS |
| KEN GRACE, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint, the defendant's motion, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff has not responded to the defendant's motion, despite being directed to show cause why the motion should not be granted.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), brings this action under the authority of 42 U.S.C. § 1983, seeking injunctive and monetary relief for alleged constitutional violations during his incarceration at the Carter County Detention Center (CCDC) in Ardmore, Oklahoma. The defendant is Carter County Sheriff Ken Grace.

Plaintiff alleges the conditions of the CCDC were unconstitutional, because of overcrowding, lack of sanitation, fresh air or sunshine, and threats of violence, all in violation of the *Battle v. Anderson* case. He asserts inmates had to sleep on the floor when there were not enough beds, and black mold endangered the health of the inmates. Although plaintiff

details the potential health hazards from black mold, he does not allege he has suffered any injury from the alleged infestation of black mold. Plaintiff also contends he was sentenced to serve his sentence in the DOC, and his extended imprisonment in the CCDC after imposition of his May 2009 sentence unconstitutionally denied him the ability to receive earned credits.

Plaintiff has requested an injunction directing the defendant to evacuate all inmates from the CCDC, until the black mold can be controlled. Plaintiff also asks the court to order a reduction in the inmate population to the designated capacity for the facility and to conform with the decree in the *Battle* case, No. CIV 72-095-JHP. The special report indicates plaintiff was transferred to DOC custody on April 23, 2010, so the court finds his requests for injunctive relief are moot. *See Green v. Branson*, 108F.3d 1296, 1299-1300 (10th Cir. 1997) (citing *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345 (10th Cir. 1994)). *See also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *White v. State*, 82 F.3d 364, 366 (10th Cir. 1996). Furthermore, to the extent plaintiff is complaining of violations of the *Battle* decisions, that case was closed for all purposes in 2001, and all injunctions were dissolved.

Plaintiff also claims he was denied the opportunity to earn "good time" credits while incarcerated in the CCDC. Pursuant to Okla. Stat. tit. 57, § 42(4), the county jails are to be "used as prisons [f]or the confinement of persons who may be sentenced to imprisonment in the state prison, until they shall be removed thereto." It is the duty of the DOC Director--not the county sheriff--to transfer state prisoners from one institution to another. Okla. Stat. tit. 57, § 510(A)(9). The defendant, therefore, had no legal duty to effectuate plaintiff's transfer to a DOC facility before a move was scheduled by DOC. Furthermore, a prisoner does not have a liberty interest in being placed at one facility or another, so no process was due to

plaintiff when the DOC decided to place him initially at the county jail, before moving him to the DOC facility. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). This claim is meritless.

The defendant alleges plaintiff failed to exhaust the administrative remedies for his remaining claims, as required by the Prison Litigation Reform Act (PLRA). "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the special report, the CCDC has an inmate grievance policy that requires inmates to submit written grievances when an inmate believes he has been subjected to abuse, harassment, abridgement of civil rights, or a denial of specified privileges. A review of plaintiff's records, however, indicates he failed to submit any written grievances regarding any of his claims prior to filing this complaint. Therefore, plaintiff's remaining claims regarding the conditions of confinement in the CCDC are dismissed without

3

prejudice, pursuant to 42 U.S.C. § 1997e.

**ACCORDINGLY,** Defendant Ken Grace's motion to dismiss [Docket #19] is GRANTED. Plaintiff's requests for injunctive relief and his claim regarding earned credits are DISMISSED WITH PREJUDICE. His remaining claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

DATED this 6th day of June, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma